**ARIZONA CONSUMER LAW GROUP, PLC**
John N. Skiba (022699)
Jesse Walker (032761)
1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204
Telephone: (480) 420-4028 Fax: (480) 302-7844
Email: john@skibalaw.com; jesse@skibalaw.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REBECCA COOK,<br><br>Plaintiff,<br><br>vs.<br><br>PHYSIOTHERAPY ASSOCIATES, INC., a Delaware Corporation, and, <u>INVENTURUS KNOWLEDGE SOLUTIONS, INC., a Delaware Corporation</u>.<br><br>Defendant. | Case No. CV-16-03441-PHX-ROS<br><br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Rebecca Cook, through counsel, <u>does hereby submit her First Amended Complaint against Physiotherapy Associates, Inc. and Inventurus Knowledge Solutions, Inc.</u>, as follows:

### INTRODUCTION

1. Defendant Physiotherapy Associates, Inc. harassed Plaintiff for months with collection robocalls, when Defendant had no right to make these automated calls to Plaintiff's cellular telephone, and despite the fact that Plaintiff asked Defendant multiple

1

times to stop calling.

2. Upon information and belief Physiotherapy Associates, Inc. (hereinafter "Physiotherapy") entered into a business relationship with Defendant Inventurus Knowledge Solutions, Inc. (hereinafter "IKS") whereby Physiotherapy and IKS (collectively "Defendants") would work together to collection outstanding debts from Physiotherapy's customers. As part of the debt collection services IKS provided to Physiotherapy, IKS assists Physiotherapy by making automated calls that feature pre-recorded or artificial voice, among other types of calls to consumers.

3. Defendants persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights afforded under state and federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown*, 447 U.S. 455, 471 (1980).

4. Defendants have caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these repeated robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's plan minutes on Plaintiff's telephone service, wasted Plaintiff's time, and interfered with her ability to otherwise make and receive calls on her cellular telephone.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

7. Venue is proper in this District because Defendants transact business here and places phone calls into this District, and Plaintiff lives in Arizona.

## PARTIES

8. Plaintiff Rebecca Cook (hereinafter "Plaintiff") is a natural person who resides in Arizona in the City of Scottsdale, County of Maricopa.

9. Plaintiff has suffered a concrete injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

10. Defendant Physiotherapy Associates, Inc. is a Delaware corporation and a national physiotherapy patient rehabilitation care association with its corporate headquarters located on 30600 Telegraph Road, Suite 2345, Birmingham Farms, Michigan 48025.

11. Defendant IKS is a privately held company that provides services to businesses in the healthcare industry, including to Physiotherapy. IKS is a Delaware corporation headquartered in New York.

12. At all times relevant to this Complaint, Defendants used one or more instrumentalities of interstate commerce, including electronic communication, to conduct business in the State of Arizona and within this judicial district.

## FACTUAL ALLEGATIONS

13. Within four years immediately preceding the filing of this lawsuit, Defendants and its agents used an automatic telephone dialing system to call Plaintiff's cellular telephone number in an effort to collect a debt. The numerous voice messages are identical or nearly identical in content.

14. Most, if not all, of Defendants' "robocall" messages specifically state, "[t]his is Physiotherapy Associates calling with an important message for Rebecca E Cook. Please ask Rebecca Lee to call us Monday through Friday 7 AM to 5 PM Central Standard Time at 1-877-340-7476. Please use reference number AZ60218174169 when calling. Again this is Physiotherapy Associates calling with an important message for Rebecca E Cook. Please ask Rebecca E to call us Monday through Friday 7 AM to 5 PM Central Standard Time at 1-877-340-7476. Please use reference number AZ60218174169 when calling. Thank you and goodbye."

15. A lay person listening to the artificial voice and unnatural cadence in Defendants' message can easily discern that Defendants' message is automated.

16. Defendants telephoned and left voice messages on Plaintiff's cell phone *at least* one hundred and thirteen (113) times since March 17, 2014. Aside from the records readily available to Plaintiff and in addition to the dates listed below, Defendants made many more phone calls prior to March 17, 2014 up to the date of filing.

17. Defendants telephoned and left messages specifically, but not limited to, at these times:

1) March 17, 2014
2) July 30, 2014
3) July 31, 2014
4) August 05, 2014
5) August 08, 2014
6) August 13, 2014
7) August 15, 2014
8) August 19, 2014
9) August 21, 2014
10) August 25, 2014
11) August 27, 2014
12) September 2, 2014
13) September 05, 2014
14) September 09, 2014
15) September 16, 2014
16) September 26, 2014
17) October 03, 2014
18) October 14, 2014

19) October 20, 2014

20) October 21, 2014

21) October 29, 2014

22) November 03, 2014

23) November 06, 2014

24) November 07, 2014

25) November 20, 2014

26) November 24, 2014

27) November 28, 2014

28) December 01, 2014

29) December 04, 2014

30) December 05, 2014

31) December 05, 2014

32) December 05, 2014

33) December 08, 2014

34) December 10, 2014

35) December 11, 2014

36) December 12, 2014

37) December 17, 2014

38) December 19, 2014

39) December 23, 2014

40) December 29, 2014

41) June 18, 2015 at 11:18 AM

42) June 22, 2015 at 11:40 AM

43) June 23, 2015 at 8:21 AM

44) June 26, 2015 at 8:23 AM

45) June 29, 2015 at 7:05 AM

46) June 20, 2015 at 5:19 AM

47) July 02, 2015 at 11:07 AM

48) July 06, 2015 at 11:10 AM

49) July 07, 2015 at 6:54 AM

50) July 08, 2015 at 5:48 AM

51) July 13, 2015 at 11:29 AM

52) July 15, 2015 at 7:42 AM

53) July 16, 2015 at 11:31 AM

54) July 17, 2015 at 9:20 AM

55) July 20, 2015 at 10:38 AM

56) July 21, 2015 at 8:39 AM

57) July 22, 2015 at 8:25 AM

58) July 27, 2015 at 9:55 AM

59) July 29, 2015 at 11:34 AM

60) July 30, 2015 at 10:23 AM

61) July 31, 2015 at 9:15 AM

62) August 04, 2015 at 6:58 AM

63) August 10, 2015 at 9:30 AM

64) August 11, 2015 at 8:50 AM

65) August 12, 2015 at 8:22 AM

66) August 13, 2015 at 10:47 AM

67)  August 20, 2015 at 5:05 AM

68)  August 21, 2015 at 11:09 AM

69)  August 24, 2015 at 9:45 AM

70)  August 25, 2015 at 5:02 AM

71)  August 28, 2015 at 10:52 AM

72)   September 08, 2015 at 6:08 AM

73)  September 09, 2015 at 9:36 AM

74)   September 10, 2015 at 11:39 AM

75)  September 11, 2015 at 6:02 AM

76)  September 14, 2015 at 11:08 AM

77)  September 17, 2015 at 6:51 AM

78)  September 21, 2015 at 7:12 AM

79)  September 22, 2015 at 5:05 AM

80)  September 23, 2015 at 8:34 AM

81)  September 28, 2015 at 8:30 AM

82)  September 29, 2015 at 9:54 AM

83)  October 05, 2015 at 7:21 AM

84)  October 09, 2015 at 8:47 AM

85)  October 13, 2015 at 10:04 AM

86)  October 22, 2015 at 7:44 AM

87)  October 26, 2015 at 5:37 AM

88)  October 29, 2015 at 10:59 AM

89)  November 02, 2015 at 7:42 AM

90)  November 04, 2015 at 7:09 AM

91) November 18, 2015 at 12:00 PM

92) November 19, 2105 at 7:11 AM

93) November 23, 2015 at 7:06 AM

94) December 02, 2015 at 7:34 AM

95) December 07, 2015 at 5:47 AM

96) December 21 2015 at 7:22 AM

97) January 04, 2016 at 6:06 AM

98) January 29, 2016 at 5:33 AM

99) February 08, 2016 at 5:27 AM

100) February 23, 2016 at 8:57 AM

101) March 10, 2016 at 5:43 AM

102) March 11, 2016 at 10:50 AM

103) March 15, 2015 at 6:05 AM

104) March 16, 2016 at 7:07 AM

105) March 25, 2016 at 5:45 AM

106) April 21, 2016 at 10:44 AM

107) April 28, 2016 at 10:44 AM

108) May 11, 2016 at 11:58 AM

109) March 17, 2016 at 12:19 AM

110) June 16, 2016 at 10:26 AM

111) June 27, 2016 at 9:22 AM

112) August 12, 2016 at 1:07 PM

113) August 22, 2016

*Telephone Consumer Protection Act*

18.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

19.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

20.    The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

21.    On January 4, 2008, the FCC release a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

22.    The FCC also resolved the question of whether consent may be revoked in a Declaratory Ruling and Order release on July 10, 2015, wherein it determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15-72, 30 F.C.C.R. 7961 (July 10, 2015).

23.    The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

24.    An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § (a)(1)(A), (B).

25. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

26. At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (623) 332-8812 (hereinafter referred to as Plaintiff's "cell phone") that is assigned to a service for which Plaintiff is charged for calls.

27. At all times relevant to this Complaint, Defendants knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Illegal Auto-Dialed Collection Calls*

28. Within four years immediately preceding the filing of this lawsuit, Defendants and its agents knowingly used an automatic telephone dialing system to call Plaintiff's cell phone in an effort to collect a debt from Plaintiff.

29. Nevertheless, Defendants repeatedly called Plaintiff's cell phone using an automatic telephone dialing system in an effort to collect a debt.

30. Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cell phone by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

31. Plaintiff also continually revoked any consent she may have given to Defendants to call her cell phone by repeatedly asking Defendants to stop calling her or to put her on their do-not-call list.

32. To Plaintiff's best recollection, Defendants started making unsolicited phone calls to Plaintiff on or about May 2011. Around that same time, Plaintiff asked that Defendants put her on their do-not-call list. However, Defendants never stopped calling Plaintiff.

33. Though Plaintiff has tried requesting that Defendants not call as well as ignoring Plaintiff's calls. Despite Plaintiff's revocation requests, Defendants continued to call Plaintiff's telephone number with its automatic telephone dialing system.

34. Defendants called Plaintiff's cell phone multiple times in a day and

throughout the day, which is further indicative of Defendants' use of an automatic telephone dialing system to make these phone calls to Plaintiff.

35. Defendants knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cell phone, especially after Plaintiff's multiple requests for Defendants to stop calling her, yet they continued to harass Plaintiff with robocalls on a daily basis.

36. Defendants' illegal automated calls to Plaintiff's cell phone originated from a telephone number listed on Plaintiff's caller ID as (877) 340-7476 or as "Unknown Number."

37. Defendants made these unwanted automated phone calls to Plaintiff's cell phone number in violation of the TCPA.

38. These automated calls from Defendants to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because her cell phone was unavailable for legitimate use during the unwanted calls.

39. Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq.*

40. None of the telephone calls that Defendants placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

41. Defendants willfully or knowingly violated the TCPA by continuing to call Plaintiff's cell phone after being told to stop because Defendants had no basis to believe that they had Plaintiff's prior express consent to make automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

42. The FCC has issued an order that states:

The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a

third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Red 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted).

43. The Seventh Circuit has ruled that under the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. V. Prism Bus. Media, Inc.*, 606 F.3d 443 (7th Cir. Ill. 2010).

44. One district court has ruled that because of the Seventh Circuit's ruling in *CE Design*, it "borders on frivolous" to attempt to challenge this FCC Order in a District Court. *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919, 928-929 (W.D. Wis. 2013)(vacated after settlement).

45. It was highly offensive for Defendants to continue calling Plaintiff on her cell phone, multiple times a day, after she had repeatedly asked them to stop.

## *Summary*

46. All of the calls made to Plaintiff's cell phone by Defendants and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

47. Defendants' persistent autodialed calls eliminated Plaintiff's right to be left alone.

48. Defendants' autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during work, and continually frustrated and annoyed Plaintiff.

49. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cell phone.

50. By persistently autodialing Plaintiff's cell phone without prior express consent, Defendants invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

**TRIAL BY JURY**

51.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US. Const. amend. 7. Fed. R. Civ. P. 38.

**CAUSES OF ACTION**

**COUNT 1.**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227** *et seq.*

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Within the four-year period immediately preceding this action, Defendants made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

54.     The acts and/or omissions of Defendants were at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

55.     As a causally direct and legally proximate result of the above violations of the TCPA, Defendants, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

56.     Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

57.     Defendants made these calls to Plaintiff's cell phone willfully and after Plaintiff explicitly asked Defendants to stop.

58.     Under 47 U.S.C. § 227 (b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendants.

59.     Defendants willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(a).

60.     Plaintiff is also entitled to injunctive relief prohibiting Defendants from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

·   For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227 (b)(3)(B) against Defendants and for Plaintiff;

·   For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227 (b)(3) against Defendants and for Plaintiff;

·   For an injunction prohibiting Defendants from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227 (b)(3)(A).

·   For attorneys' fees and costs incurred herein.

**DATED** this April 4, 2017.

ARIZONA CONSUMER LAW GROUP, PLC

/s/ John Skiba
John N. Skiba
Jesse H. Walker
*Attorney for Plaintiff*